NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEVON INVESTMENT, INC.,

                Plaintiff-Appellee,

        v.

ANDES INDUSTRIES, INC.,

                Defendant-Appellant.

No.    17-17205

D.C. No. 2:15-cv-00604-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 14, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

Andes Industries, Inc. ("Andes") appeals the district court's entry of

summary judgment in favor of Devon Investment, Inc. ("Devon"), ordering Andes

to pay Devon the amount due on a note.  We have jurisdiction pursuant to 28

U.S.C. § 1291.  We review the district court's grant of summary judgment *de novo*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019), and we affirm. Because the parties are familiar with the facts, we omit them.

Andes argues that summary judgment was inappropriate because it has outstanding claims that could be used to support a setoff defense. Even if this were once true, we affirmed the dismissal of the claims Andes bases its setoff defense on in *Andes Industries, Inc., et al. v. Cheng Sun Lan, et al.*, No. 17-17059 (9th Cir. May 16, 2019) and *Andes Industries, Inc., et al. v. EZConn Corp., et al.*, No. 17-17058 (9th Cir. May 23, 2019). A potential setoff defense is therefore no barrier to the entry of summary judgment.

Andes also argues that summary judgment was inappropriate because it has a viable fraud defense to the enforcement of the note. However, the district court did not err in holding that this defense had been waived because Andes failed to plead it in its answer. Fed. R. Civ. P. 8(c) (fraud is an affirmative defense); *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 841 (9th Cir. 2007) ("[A] defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense.").

Because Andes only asserts these two grounds for reversing the district court, we affirm the district court's grant of summary judgment.

**AFFIRMED.**